**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DISNEY ENTERPRISES, INC.,**
        **Plaintiff,**

**-vs-**                                                  **Case No. 6:07-cv-1153-Orl-18UAM**

**DORIS LAW, d/b/a**
**A Story of Your Name,**
        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** **PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT AND OTHER ORDERS (Doc. No. 12)**
>
> **FILED:** October 24, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Disney Enterprises, Inc. ["Disney"] initiated the instant litigation by filing the complaint which seeks to hold Defendant Doris Law d/b/a Advantage Printer d/b/a A Story of Your Name ["Doris Law"] liable for copyright infringement, trademark infringement, unfair competition, and dilution for the "manufacture, duplication, distribution, sale, or offer for sale of counterfeit merchandise bearing exact copies or colorable duplications of [Disney's] copyrights and trademarks" pursuant to the Copyright Act, 17 U.S.C. § 504(c). Doc. No. 1 at1-2. Disney now moves for entry of default judgment as to the copyright infringement count and seeks a permanent injunction against Doris Law who has never appeared in this action.

**I.      THE LAW**

    **A.      Default Judgment**

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55 (a). Rule 55 (b)(2) further provides:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Constr. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment cannot stand on a complaint that fails to state a claim. *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citing *Nishimatsu*, 515 F.2d at 1206). A default judgment has the effect of establishing as fact the plaintiff's well-pleaded allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu*, 515 F.2d at 1206).

**B.      17 U.S.C. § 504(c)**

Disney seeks judgment against Doris Law for "advertising, distributing, selling, and offering for sale artwork bearing the Disney Properties without authorization from Disney." Pursuant to 17 U.S.C. Section 504, "an infringer of copyright is liable for either the copyright owner's actual damages and any additional profits of the infringer. . .or statutory damages." 17 U.S.C. 504(a). Because Doris Law has never appeared in or responded to this action, Disney is requesting the Court to award statutory damages.

Disney seeks statutory damages in the amount of $25,000.00 pursuant to 17 U.S.C. § 504(c), which provides statutory damages for copyright infringement. Section 504(c) provides that the copyright owner, at any time before final judgment is rendered, may elect to recover statutory damages instead of actual damages and profits. 17 U.S.C. § 504(c). Statutory damages are awarded per copyrighted work infringed of between $750.00 and $30,000.00, at the discretion of the court. *Id.* Additionally, if the court finds that the infringement was willful, the court may raise the statutory award to $150,000.00 per infringed work at its discretion. 17 U.S.C. 504(c)(2).

**D.      Permanent Injunction**

Disney also seeks a Permanent Injunction, asking that this Court enjoin Doris Law from further infringement of Disney's copyrighted characters. A district court may grant permanent injunctive relief if the moving party shows that: 1) it has a substantial likelihood of success on the merits; 2) irreparable injury will be suffered unless the injunction issues; 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and 4) if issued, the injunction would not be adverse to the public interest. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). The standard for a permanent injunction is the same as for a preliminary injunction except

that the movant must show "actual success on the merits" instead of a "likelihood of success." *Id.* (citing *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987)).

## II.     APPLICATION

### A.     Procedural History

Disney is engaged in the business of operating the Walt Disney World Resort complex and Disneyland park, producing and distributing motion pictures and television programs, operating stores and hotels, providing transportation services, producing and selling books, records and tapes, and providing entertainment services. Doc. No. 1 at 2-3. Disney merchandises and licenses the world famous characters Mickey Mouse, Minnie Mouse, Tinker Bell, Donald Duck, Daisy Duck, Goofy, Pluto, and Winnie the Pooh, as well as characters from "Disney trademark" animated motion pictures, including, but not limited to, "Snow White and the Seven Dwarfs," "Pinocchio," "Hunchback of Notre Dame," "Hercules," "Mulan," and "Toy Story" (hereinafter collectively referred to as "Disney Characters"). *Id.* at 3. Each of the Disney Characters is registered with the U.S. Copyright Office. *Id.*, Doc. Nos. 13-2, 13-7, 13-9.

Disney filed its complaint seeking a permanent injunction and damages on July 11, 2007. Doc. No. 1. Disney alleges that Doris Law "has infringed the copyrights in the Disney Characters by creating an unauthorized work in the form of computer-generated photos bearing the Disney Characters with a poem stating the meaning of a name in violation of 17 U.S.C. § 101 et seq. (the "Copyright Act")." *Id.* at 7, ¶ 19. According to Disney, the infringing artworks include, *inter alia*, Mickey Mouse, Minnie Mouse, Donald Duck, Daisy Duck, Goofy, Pluto, Alice in Wonderland, Ariel, Jasmine, Sleeping Beauty, Cinderella, Belle, Fairy Godmothers: Flora, Fauna, and Merryweather, Snow White, Simba, Nala, Tinker

Bell, Lilo, Stitch, the Seven Dwarfs, Aladdin, Space Ship Earth, Piglet, Eeyore, and Tigger. *Id.* Before filing suit, Disney contacted Doris Law in an effort to resolve this matter, but Doris Law did not cease the infringing activity, therefore, constituting her actions as willful. Doc. No. 13 at 10. According to the Declaration of Carrie Ann Pickett, an employee of the law firm Holihan Law, Pickett visited Advantage Printer d/b/a Story of Your Name and purchased a computer-generated photo of the Disney Characters Winnie the Pooh, Tigger, Eeyore, and Piglet for $5.33. Doc. Nos. 13-3, 13-4.

Doris Law was served with a summons and complaint at her place of business on July 16, 2007. Doc. No. 8. Disney subsequently moved for entry of default, which the clerk entered on August 23, 2007. Doc. Nos. 9, 11. Counsel for Disney sent, by first-class mail, a copy of the motion for entry of default to Doris Law. Doc. No. 9 at 1-2.

**B.    Analysis**

After careful review of the complaint, motions, and declaration filed in this action, as well as the evidence submitted with the pleadings, the undersigned finds that sufficient evidence supports Disney's claim of willful copyright infringement. The entry of default judgment and a permanent injunction is warranted. Doris Law was properly served, and has had numerous opportunities to appear and contest the claims, as well as the motion now before the Court. Disney's claims and motion, however, remain unopposed.

Disney seeks **$25,000.00** in statutory damages. A court must calculate statutory damages according to the number of separately copyrightable works infringed and not on the number of infringements. *Walt Disney Co. v. Powell*, 283 U.S. App. D.C. 111, 897 F.2d 565, 569 (D.C. Cir. 1990).

Disney states that Doris Law reproduced five works, Tinker Bell, Winnie the Pooh, Tigger, Piglet, and Eeyore, in her infringing works.

Doris Law's failure to appear in this action makes it difficult to determine how much she profited from the sale of the copyrighted characters and the scope of her infringing activity. Nonetheless, it is clear that Disney's copyrighted characters are valuable, and that Disney is adversely affected by the manufacturing and sale of the copyrighted characters. Further, Disney and the public have a strong interest in deterring Doris Law and third parties from selling and distributing the copyrighted materials. An award of statutory damages will discourage Doris Law and third parties from engaging in further infringing conduct.

The Court finds that an award of **$25,000.00** in statutory damages is appropriate under 17 U.S.C. § 504(c). Disney presented sufficient evidence to establish that Doris Law willfully violated the provisions of the Copyright Act.

Next, Disney seeks a permanent injunction against Doris Law. Doris Law's default establishes Disney's success on the merits and that Disney's injury outweighs whatever damage the injunction may cause Doris Law. As stated earlier, copyright infringement causes irreparable injury not only to Disney, but also to the public. As the public has a strong interest in being free from the confusion and deception caused by copyright infringement, Disney's proposed injunction is not adverse to the public interest.

Therefore, it is **RECOMMENDED**:

1. Disney's Motion for Final Default Judgment and Other Orders [Docket No. 12] should be **GRANTED**;

  2.  the Court should award Disney $25,000.00 as statutory damages and grant the Permanent Injunction (attached to this Report and Recommendation as Exhibit 1);

  3.  the Clerk should be directed to enter judgment and close the case; and

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 3, 2008.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable G. Kendall Sharp
Counsel of Record
Unrepresented Party
Courtroom Deputy